```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ROY JAMES MILLER              :     CIVIL ACTION
                              :
          v.                  :
                              :
EDWARD KLEM, et al.           :     NO. 06-2327
```

ORDER

AND NOW, this 8th day of August, 2007, upon careful and independent consideration of the Petition for Writ of Habeas Corpus (Docket No. 1), and after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice (Docket No. 21), and the petitioner's objections thereto (Docket No. 24), IT IS HEREBY ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Petition for a Writ of Habeas Corpus is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

The Court writes here to address petitioner's objections.[1]

---

[1] It appears that Magistrate Judge Rice misspoke in the final sentence of the first full paragraph of Part II of the Report and Recommendation, which reads, "A violation of Rule 600, however, merits dismissal only if the trial court determines 'the Commonwealth exercised due diligence and the circumstances occasioning the postponement were beyond the control of the Commonwealth.'" I assume Judge Rice meant to say the following: "A motion to dismiss based on a Rule 600 violation will be denied

The petitioner argues that Magistrate Judge Rice erred in determining that "the Commonwealth exercised Due [sic] diligence in responding to Petitioner's Bill of Particulars." Magistrate Judge Rice made no such determination. Magistrate Judge Rice's opinion acknowledges that the Commonwealth's response to the petitioner's request for a bill of particulars was deficient. Magistrate Judge Rice, therefore, did not exclude the time during which only the request for a bill of particulars was pending in his calculation of whether a Rule 600 violation had occurred. He excluded only the time during which the other pretrial motions were pending and the delay caused by the petitioner's request for a continuance. This decision is well supported by the facts and the law.

                                    BY THE COURT:

                                    /s Mary A. McLaughlin
                                    _____
                                    MARY A. McLAUGHLIN, J.

---

if the trial court determines that 'the Commonwealth exercised due diligence and the circumstances occasioning the postponement were beyond the control of the Commonwealth.'" This slight misstatement in no way affects the reasoning or outcome of Magistrate Judge Rice's well-reasoned Report and Recommendation.